**ABRAM LIPPMAN v. BENJAMIN SHAPIRO**

9 So. (2nd) 636 Division A
September 11, 1942

Julius I. Friedman, for appellant.
John C. Sullivan, for appellee.

BUFORD, J.:

Appeal brings for review order as follows:

"This cause came on this day to be heard upon Motion to dismiss the Bill of Complaint and it appear-

ing to the Court that pursuant to instructions heretofore entered by this Court that the plaintiff's Motion to the original Bill was visited to the first amended bill of complain and after argument of counsel and the Court being duly advised in the premises,

"It Is Thereupon, Considered, Ordered and Decreed that said Motion be and the same is hereby sustained and said Bill of Complaint and the First Amended Bill of Complaint are hereby dismissed.

"Done and Ordered at Miami, Dade County, Florida, this 19th day of March, A. D. 1942."

The amended bill of complaint sought a declaratory decree adjudicating plaintiff's rights under alleged assignments of open accounts, and also sought a money judgment for the amount claimed.

The first amended bill of complaint shows by its allegations that if plaintiff has any claim against defendant it is a chose in action enforcible in a court of law.

Sec. 62.09, Fla. Statutes, 1941, provides:

"Declaratory decrees; power given court to render in certain cases.—Any person or corporation claiming to be interested under a deed, will, contract in writing, or other instrument in writing, may apply by bill in chancery to any court in this State having equity jurisdiction for the determination of any question of construction arising under the instrument and for a declaration of the rights of the person or corporation interested, whether or not further relief is or could be claimed, and such declaration shall have the force of a final decree in chancery." . . .

The original bill of complaint and the first amended bill of complaint fail to show any instrument in writ-

ing of which judicial construction is necessary to establish rights of the plaintiff.

It is not the purpose of the statute, supra, to make the simple and unambiguous assignment of an open account the subject of a chancery suit and to thereby deprive a defendant of the right to trial by jury in a court of law.

To make the statute applicable the pleading must show that there exists the necessity of judicial determination of the proper construction of the written instrument involved and of the plaintiff's rights under such construction. See Sheldon v. Powell, 99 Fla. 782, 128 So. 258.

If this were not true then every suit on an alleged promissory note, bond or other written obligation, could be instituted in chancery, instead of in law.

We find no error reflected in the record and, therefore, the decree is affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD and ADAMS, JJ., concur.